**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOE TALOTTA, MD,<br><br>Plaintiff,<br><br>v.<br><br>HON. DAVID TROXELL, J.S.C., *et al.*,<br><br>Defendants. | Civil Action No. 25-3783 (MAS) (JTQ)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Joe Talotta, MD's[1] ("Plaintiff") Amended Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI"). (ECF No. 12.) Defendants the Honorable Christopher M. Troxell, J.S.C. ("Judge Troxell"),[2] the Honorable Robert G. Wilson, J.S.C. ("Judge Wilson"), the Honorable John J. Burke, III, J.S.C. ("Judge Burke"), and the Honorable Kevin M. Shanahan, A.J.S.C. ("Judge Shanahan") (collectively, "Judicial Defendants") opposed. (ECF No. 20.)[3] The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, Plaintiff's Motion for a TRO and PI as to the Judicial Defendants is denied.

---

[1] The Court notes that Plaintiff has proceeded in the state court as "Nicholas J. Talotta," but he has filed the instant case as "Joe Talotta, MD." (*See, e.g.*, ECF No. 11 at *10.)

[2] The Court recognizes that Judge Troxell was improperly pled in the Amended Complaint as "Hon. David Troxell, J.S.C." (Judicial Defs.' Opp'n Br. 1, ECF No. 20.)

[3] Defendants Linda A. Schofel, Esq., LCSW and David Gomberg, Ph.D. still have not been properly served in this action and have not appeared. (*See* ECF No. 21.)

I.   **BACKGROUND**[4]

A.   **The Parties**

Plaintiff is the father of minor child G.T. (Am. Compl. 19, ECF No. 5.) Plaintiff alleges that: (1) Judge Troxell is a judge of the Superior Court of New Jersey, Somerset County, Family Part, who entered an *ex parte* no-contact order against him in December 2022 (*id.* at 19); (2) Judge Wilson was reassigned to the case in early 2023 and "repeatedly extended highly limited or no-contact orders without ever providing a plenary hearing" (*id.*); (3) Judge Burke is currently assigned to Plaintiff's state court matter and "has authority to lift or continue the parenting restrictions" (*id.* at 20); and (4) Judge Shanahan is the Assignment Judge who bears supervisory responsibility over Plaintiff's case (*id.*).

B.   **Factual and Procedural Background**

Plaintiff alleges that in January 2022, he and his ex-wife entered into a consent order that mandated all parenting-time disputes be resolved through alternative dispute resolution no later than November 1, 2022 (the "2022 Consent Order"). (*Id.* at 21; Exs. to Compl.[5] *16-20,[6] ECF No. 11.) Approximately five months later, Defendant Linda A. Schofel, Esq., LCSW, was appointed as Parenting Coordinator to assist the parties in resolving their parenting-related conflicts. (Am. Compl. 21; Exs. to Compl. *10-14.)

Plaintiff alleges that on December 9, 2022, Judge Troxell entered an *ex parte* no-contact order that suspended Plaintiff's parenting time based solely on Plaintiff's ex-wife's allegations in

---

[4] The following facts are taken from the Amended Complaint. (ECF No. 5.)

[5] Plaintiff did not originally attach the exhibits to the Amended Complaint, but later filed them in a separate docket entry after a quality control message the Clerk's Office issued.

[6] Page numbers preceded by an asterisk refer to the page number provided in the ECF header.

the papers of her emergency motion, without conferring with Plaintiff or his attorney and without a hearing. (Am. Compl. 21-22.) The court conditioned the restoration of Plaintiff's parenting time on a psychological risk evaluation conducted by Defendant David Gomberg, Ph.D. ("Gomberg"). (*Id.* at 22.) Plaintiff alleges that he requested that this evaluation comply with "professional standards typically followed by board-certified forensic psychologists" but that Gomberg withdrew, citing Plaintiff's communications as "evidence of 'non-compliance.'" (*Id.* (emphasis omitted).)

Plaintiff alleges that in June 2023 he was incarcerated for one month for contempt after objecting to these court orders. (*Id.*) Plaintiff appealed the court's no-contact order to the New Jersey Appellate Division in November 2023. (*Id.* at 23.) Plaintiff alleges that the Appellate Division's decision, issued on April 16, 2025, confirmed that his confinement in June 2023 was unlawful, but it failed to resolve his alleged constitutional violations. (*Id.*)

On May 2, 2025, Plaintiff filed the original complaint and a Motion for a TRO and PI in the instant case. (ECF Nos. 1, 6.) Two days later, he filed the Amended Complaint and an Amended Motion for a TRO and PI ("Motion"). (Am. Compl., Pl.'s Moving Br., ECF No. 5 at 48-58.[7]) The Amended Complaint asserts: (1) a violation of the Fourteenth Amendment right to procedural due process under 42 U.S.C. § 1983 ("Count I"); (2) a violation of the Fourteenth Amendment right to substantive due process under 42 U.S.C. § 1983 ("Count II"); and (3) a claim for equitable relief under *Ex parte Young*, 209 U.S. 123 (1908) ("Count III"). (Am. Compl. 24-33.) In his Motion, Plaintiff requests that the Court order: (1) reinstatement of his parenting time; (2) enforcement of the 2022 Consent Order; (3) a plenary evidentiary hearing; (4) enjoining the

---

[7] In addition to the Amended Complaint, ECF No. 5 also includes Plaintiff's Moving Brief (Pl.'s Moving Br., ECF No. 5 at 48-58) to accompany his Amended Motion (ECF No. 12).

3

use of unscreened psychological or psychiatric evidence; and (5) staying or sealing any contempt orders. (Pl.'s Moving Br. 55-56.) Judicial Defendants opposed Plaintiff's motion. (Judicial Defs.' Opp'n Br., ECF No. 20.)[8] The motion is now ripe for review as to the Judicial Defendants.

## II.  LEGAL STANDARD

"Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances."[9] *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks and citation omitted). This remedy should be granted only if plaintiffs establish that: (1) "they are likely to succeed on the merits of their claims"; (2) "they are likely to suffer irreparable harm without relief"; (3) "the balance of harms favors them"; and (4) "relief is in the public interest." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017) (citation omitted). "A plaintiff's failure to establish any element in [his] favor renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit-Mars Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (citation omitted). With respect to the first factor, "on an application for injunctive relief, the movant need only make a showing of reasonable probability, not the certainty, of success on the merits." *Atl. City Coin & Slot Serv. Co., Inc. v. IGT*, 14 F. Supp. 2d 644, 657 (D.N.J. 1998) (internal quotation marks and citations omitted). In the end, however, "[t]he burden is on the moving party 'to convince the district court that all four factors favor preliminary relief.'" *Peter v. Att'y Gen. of N.J.*, No. 23-3337, 2023 WL 4627866, at *1 (D.N.J. July 19, 2023) (quoting *AT&T v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)).

---

[8] The Court scheduled a telephone conference to address Plaintiff's motion, at which Plaintiff failed to appear on May 20, 2025. (*See* ECF No. 21.) Plaintiff has not had any interaction with the Court since he failed to appear.

[9] Temporary restraining orders and preliminary injunctions require the same elements be met. *Koons v. Reynolds*, 649 F. Supp. 3d 14, 21-22 (D.N.J. 2023).

III.   **DISCUSSION**

    A.   **Likelihood of Success on the Merits**

Plaintiff argues that he is likely to succeed on the merits because he has asserted violations of procedural and substantive due process as it relates to the fundamental liberty interest of "a fit parent to care for and maintain contact with their child." (Pl.'s Moving Br. 51.) In particular, Plaintiff avers that his parenting rights were suspended *ex parte* and indefinitely without a required hearing. (*See id.* at 51-52.) Judicial Defendants argue in opposition that Plaintiff is not likely to succeed on the merits because his claims are barred by "sovereign immunity, injunctive relief is unavailable against a judicial officer who is immune from suit, and the relief sought runs afoul of the *Younger* abstention doctrine." (Judicial Defs.' Opp'n Br. 11.) Given "the importance of resolving immunity questions at the earliest possible stage in litigation," the Court addresses Judicial Defendants' immunity arguments first. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

    *1.   Judicial Immunity*

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."). Importantly, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

The Supreme Court has identified two exceptions to this rule. *Mireles v. Waco*, 502 U.S. at 11-12. "First, a judge is not immune from liability for non-judicial acts, i.e., actions not taken in

the judge's judicial capacity." *Id.* at 11. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12. To determine whether an act qualifies as a judicial act, courts look to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.

All of the allegations against Judge Troxell, Judge Wilson, Judge Burke, and Judge Shanahan relate to their actions taken in their respective capacities as judges in the Superior Court of New Jersey. As to Count I, Plaintiff alleges that Judicial Defendants violated his procedural due process rights by: (1) imposing the *ex parte* no-contact order without factual findings; (2) accepting untested psychological claims related to his case in the Superior Court of New Jersey, Family Part; (3) relying on a psychological risk evaluator without proper qualifications; and (4) denying Plaintiff a forum to contest the deprivation of his parental rights. (Am. Compl. 26-27.) As to Count II, Plaintiff alleges that his parental rights have been terminated "absent a finding of unfitness or danger" through the no-contact order. (*Id.* at 27-29.) As to Count III, Plaintiff alleges that he is entitled to equitable relief because of alleged procedural due process violations related to the no-contact order. (*Id.* at 29-33.) These allegations refer exclusively to judicial acts that the Judicial Defendants allegedly took related to Plaintiff's case before the Superior Court of New Jersey, Family Part. Because Plaintiff has neither alleged any facts to demonstrate that the Judicial Defendants performed non-judicial acts with respect to Plaintiff, nor alleged that any of the Judicial Defendants performed actions in the clear absence of jurisdiction, the Court finds that the Judicial

Defendants are entitled to judicial immunity.[10] *See, e.g., Kinnard v. George*, 652 F. App'x 96, 98 (3d Cir. 2016) (affirming district court's order dismissing complaint because judges were entitled to judicial immunity); *Jones v. Ocean Cnty. DCP&P*, No. 18-11528, 2019 WL 1529712, at *4 (D.N.J. Apr. 9, 2019) (dismissing case against a Superior Court of New Jersey, Family Part judge because he was "entitled to judicial immunity"); *Clauso v. Solomon*, No. 14-5280, 2017 WL 1528712, at *6 (D.N.J. Apr. 27, 2017) (dismissing claims against state court judges because they were "entitled to absolute judicial immunity"), *aff'd*, 790 F. App'x 427 (3d Cir. 2019).

Since Plaintiff has not established a likelihood of success on the merits, the Court need not consider the remaining three factors. *Nutrasweet*, 176 F.3d at 153 (stating that a "plaintiff's failure to establish any element . . . renders a preliminary injunction inappropriate").

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Amended Motion for a TRO and PI as to the Judicial Defendants is denied. The Court will issue an Order consistent with this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[10] As to Counts I and II, the Court also notes that the 1996 amendments to § 1983 explicitly bar granting injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity" 42 U.S.C. § 1983; *see also Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (explaining that "the 1996 amendment[s] to § 1983 bar [plaintiff's] claims for injunctive relief against the state court judges.").